

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

*FILED*
*2008 FEB -4  AM 8: 58*
*WESTERN DISTRICT COURT*
*DISTRICT OF TEXAS*
*BY*
*DEPUTY*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                          **Plaintiff,**<br><br>vs.<br><br>F. DOUGLAS MURRELL,<br><br>                          **Defendant.** | CIVIL ACTION FILE NO.<br><br>────────────────<br><br>**A08CA086 LY** |

## FINAL JUDGMENT INCLUDING ORDER OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST F. DOUGLAS MURRELL

Plaintiff Securities and Exchange Commission ("Commission"), having filed its

Complaint herein, and defendant F. Douglas Murrell ("Murrell"), having entered a

general appearance, having admitted the in personam jurisdiction of this Court over him

and the jurisdiction of this Court over the subject matter of the action, having waived

entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal

Rules of Civil Procedure and having waived any right to appeal from this Final

Judgment, without admitting or denying the allegations of the Commission's Complaint,

except as to jurisdiction and venue which he admits, and having consented to the entry of

this Final Judgment and the Court being fully advised in the premises;

I.

**IT IS ORDERED, ADJUDGED AND DECREED** that defendant Murrell and his

agents, servants, employees, attorneys and those persons in active concert or participation

with him, who receive actual notice of this Final Judgment, by personal service, facsimile

or otherwise, and each of them, by use of the mails or any means or instrumentality of interstate commerce, are permanently restrained from directly or indirectly:

(a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, in the form of common stock or any other security, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such securities;

(b) carrying securities, or causing them to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such securities;

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any interest in securities, in the form of common stock or any other security;

unless a registration statement is filed with the Commission as to such securities, or while a statement is filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under section 8 of the Securities Act of 1933. ("Securities Act") [15 U.S.C. 77h]; in violation of Section 5 of the Securities Act of 1933. [15 U.S.C. 77e].

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Murrell is liable for disgorgement of $55,000, representing profits gained, as a result of

the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $13,178.95, for a total of $68,178.95. Defendant Murrell shall satisfy this obligation by paying $68,178.95 within (30) thirty days from the date of the entry of this Final Judgment by cashier's check, certified check, or United States postal money order made payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying F. Douglas Murrell as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Murrell shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. Defendant Murrell shall simultaneously transmit photocopies of such payment and letter to Edward G. Sullivan, Esq., Securities and Exchange Commission, 3475 Lenox Road, N.E. Suite 1000, Atlanta, Georgia 30326. By making this payment, Defendant Murrell relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Murrell.

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Murrell, pursuant to Section 603 of the Sarbanes-Oxley Act of 2002 (which amended Section 20(g) of the Securities Act [15 U.S.C. 77t(g)], be and hereby is permanently barred from participating in any offering of a penny stock, including acting as a promoter,

finder, consultant, agent, or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act. [17 C.F.R. 240.3a51-1]. Pursuant to the same authorities, defendant Murrell is also permanently barred from inducing or attempting to induce the purchase or sale of any penny stock.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Murrell shall comply with all of the undertakings and agreements set forth therein.

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter for all purposes, including implementing and enforcing the terms of this Final Judgment, and may order other and further relief that this Court deems appropriate under the circumstances.

(Continued On Following Page)

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that there being

no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,

the Clerk is ordered to enter this Final Judgment against Murrell forthwith and without

further notice.

**SO ORDERED,** this *4th* day of *February*, 2008.

JUDGE,
UNITED STATES DISTRICT COURT